UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
S. R. LABBY LLP,                                              Civil Case No._____

                       Plaintiff,
                                                                 **COMPLAINT FOR**
       -against-                                     **DEFAMATION PER SE,**
                                                                  **TORTIOUS INTERFERENCE,**
TESS STRAND LLC, an Oregon limited liability     **& INJURIOUS FALSEHOOD**
company, and TESS STRAND, an individual

                       Defendants             **JURY TRIAL DEMANDED**

-----------------------------------------------------------X

       S. R. Labby LLP ("Plaintiff" or "S. R. Labby"), *Pro Se*, for this complaint against Tess Strand ("Ms. Strand") and Tess Strand LLC (collectively, the "Defendant"), alleges as follows:

## PRELIMINARY STATEMENT

       1.     This is an action against the Defendant for defamation, including defamation per se, tortious interference, and injurious falsehood. This matter (and matters related to it, which will be filed separately or otherwise joined via amendment to this action) arises out of sensitive and more complicated issues between multiple witnesses and potential parties. Because at least two essential witnesses are former legal clients of Plaintiff, and because certain relevant materials (including exhibits that might ordinarily be attached to this complaint) may be considered by those witnesses to be privileged or otherwise confidential this pleading is meant only to meet sufficiency standards under *Ashcroft v. Iqbal, 556 U.S. 662 (2009)* and will therefore be brief, and at this stage we do not attach any exhibits. Plaintiff does not consider any evidence essential to this or related matters privileged or confidential due to multiple reasons (including active and constructive waiver of privilege), and will amend or seek to amend this complaint accordingly if its sufficiency is challenged.

1

## JURISDICTION AND VENUE

2. Jurisdiction is based on 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,0000, exclusive of costs.

3. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the causes of action alleged herein occurred in the Southern District.

4. For avoidance of doubt, Plaintiff's practice is in New York and the Defendant is well aware of this.

## PARTIES

5. Upon information and belief, Defendant Tess Strand LLC is a limited liability company with its principal place of business at 4365 NW Neskowin Avenue, Portland, Oregon 97229.

6. Upon information and belief, Defendant Tess Strand is a principal of Tess Strand LLC and a person residing in Portland, Oregon.

7. Plaintiff S. R. Labby LLP is a limited liability partnership duly organized and existing under the laws of the State of Delaware, with partners Scott Labby, Jason Moor, and Hannah Cole, with its principal place of business at 1 Liberty Plaza, 165 Broadway, Suite 2301, New York, New York 10006.

## FACTUAL ALLEGATIONS

8. On November 2nd, 2023, Tess Strand, through her company Tess Strand LLC, sent electronic communication to no fewer than 60 people complaining about Plaintiff because, *inter alia*, Plaintiff had cut her and her company off from access to a mutual client's databases and email server, which Plaintiff was directed to do by the mutual client's managing board members, and which Defendant knew or should have known was necessary based on prior

malfeasance by others who used the database improperly. On information and belief, she also circulated this communication to an unknown number of other individuals in the weeks that followed, and made other defamatory statements about Plaintiff in the weeks and months that followed, and continues to do so through the date of this filing.

9. Defendant also made these statements in retaliation for other actions taken by Plaintiff as part of Plaintiff's job as Special Counsel for a mutual client.

10. One of these actions was to prevent Defendant from moving compliance work from an established vendor to a new vendor. The new vendor was a friend of Defendant who was in violation of her contact with the established vendor and was attempting to poach business. Plaintiff believed that both Defendant and her friend had tried to misrepresent certain information to both Plaintiff and a board member of their mutual client.

11. Defendant was also angry at the Plaintiff because Plaintiff raised issues related to her independent contractor status and pointed out inaccuracies to the labor and employment attorneys working on the matter.

12. Plaintiff had had to do deal with complaints about the Defendant and her anger management issues on no fewer than a dozen occasions, including one occasion when a board member wanted Defendant's employment terminated due to an alleged attempt to intimidate a junior employee.

13. Defendant went on to make statements about Plaintiff to numerous other business vendors and employees, including assertions about Plaintiff and the law firm, including making egregiously and willfully false statements attacking the character of Plaintiff in the conduct of the firm's work and telling people that the Mr. Labby and firm were acting against the best interest of the client. For instance, she made notes to outside professionals that they should

"know who they were working with" before proceeding to defame the firm. (all instances of the above-referenced communication collectively referred to as the "False Statements").

14. On information and belief, Defendant did this not only to harm Plaintiff's business interests and try to humiliate him for preventing her from engaging in legally problematic activity, but also in hopes that a) Plaintiff's contract would be terminated and with the knowledge that b) the information might become even more public and, because of the nature of Plaintiff's work, may subject them to various personal threats, including threats of violence.

## FIRST CAUSE OF ACTION
## (DEFAMATION *PER SE*)

15. Plaintiff repeats all allegations above as if set forth below.

16. In making and publishing the False Statements, Defendant has caused unprivileged publication of false and defamatory statements about Plaintiff to third parties.

17. The statements are about and concerning Plaintiff S. R. Labby LLP.

18. On information and belief, Defendant communicated her False Statements to third parties electronically and orally.

19. The False Statements are and would be highly offensive to a reasonable person and have been published to third parties with the apparent intent of causing harm to the reputation and economic interests of Plaintiff.

20. In making and publishing the False Statements, Defendant had knowledge of or acted in reckless disregard as to the falsity of the False Statements.

21. As a result of Defendant making and publishing the False Statements, Plaintiff has sustained, and will continue to sustain, harm and injury.

22. The False Statements impeach the honesty, integrity or reputation of Plaintiff.

23. The False Statements made by Defendant constitute defamation *per se* and general damages are presumed as a matter of law.

24. In making and publishing the False Statements, Defendant acted maliciously, willfully, wantonly, and unlawfully.

25. Defendant's statements and conduct alleged herein were aggravated and guided by malicious motives wherein Defendant intended to harm Plaintiff and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

26. Ms. Strand and Tess Strand LLC are jointly and severely liable for this count.

## SECOND CAUSE OF ACTION
## (TORTIOUS INTERFERENCE)

27. Plaintiff repeats all allegations above as though set forth below.

28. Plaintiff had an existing business relationship with a third party. As set forth above, Defendant has acted to interfere with contractual obligations to Plaintiff.

29. At all material times, Defendant was aware of Plaintiff's existing business relationship with the third party.

30. Defendant intentionally and/or purposefully interfered with Plaintiff's existing relationship by improperly publishing the False Statements.

31. Defendant communicated the False Statements to third parties electronically and orally.

32. Defendant's conduct was intentional, malicious and done for the purpose of causing injury to Plaintiff's business and without justification.

33. Defendant's statements and conduct alleged herein were aggravated and guided by malicious motives wherein Defendant intended to harm Plaintiff and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

34. As a direct and proximate result of posting the False Statements, Defendant injured the existing relationship between Plaintiff and the third party.

35. Plaintiff has sustained and will continue to sustain injury.

36. Defendant's conduct justifies an award of exemplary and punitive damages.

37. Ms. Strand and Tess Strand LLC are jointly and severely liable for this count.

### THIRD CAUSE OF ACTION
### (INJURIOUS FALSEHOOD)

38. Plaintiff repeats all allegations above as if set forth below.

39. Specifically, under the First Cause of Action, Plaintiff alleges defamation *per se* and specifically repeats those allegations as if set forth below.

40. Defendant's False Statements are about and concerning the quality of the Plaintiff's business's services.

41. Defendant's False Statements denigrated the quality of Plaintiff's business's services.

42. As a direct and proximate result of the foregoing denigrating statements by Defendant, Plaintiff has sustained, and will continue to sustain, harm and injury.

43. Defendants' False Statements had a material impact on Plaintiff's economic interests and special damages which will be proven accordingly.

44. Ms. Strand and Tess Strand LLC are jointly and severely liable for these actions. (*Grayson v. Ressler & Ressler, 271 F. Supp. 3d 501 (S.D.N.Y. 2017)*.

### REQUEST FOR RELIEF

45. Therefore, and given all of the facts and allegations above, Defendant is as appropriate and where above indicated jointly, severely, and vicariously liable for all damages for all causes of action above.

46. WHEREFORE, Plaintiff requests that this Court grant the following relief:

a) compensatory and punitive damages;

b) special damages;

c) attorneys' fees and all costs and disbursements related to claims, as well as all accrued interest related to claims; and

d) such other relief as the Court may deem just, equitable and proper.

Dated: New York, New York
November 4, 2024

Scott Labby, Esq.
S. R. Labby LLP
*Plaintiff, Pro Se*
1 Liberty Plaza,
165 Broadway, Suite 2301
New York, NY 10006
Telephone: 212-257-5720