UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
S. R. LABBY LLP,                                                  :
                                                                  :
                        Plaintiff,                                :
                                                                  :    24-CV-8402 (JMF)
            -v-                                                   :
                                                                  :    ORDER
TESS STRAND LLC and TESS STRAND,                                  :
                                                                  :
                        Defendants.                               :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On November 4, 2024, Plaintiff filed a Complaint in which it invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1, ¶ 2. Although Plaintiff states that "there is diversity of citizenship between the parties," for some of the parties, it merely alleges states of residence, not states of citizenship. *Id.* ¶¶ 6. This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

In addition, for its own citizenship and the citizenship of defendant Tess Strand LLC, Plaintiff only alleges a "principal place of business." ECF No. 1, ¶¶ 5, 7. But that does not suffice. A limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). A limited partnership has the citizenship of each of its general and limited partners. *See, e.g.*, *Handelsmen*, 213 F.3d at 51-52 (collecting cases); 13F Wright & Miller, Fed. Prac. & Proc. Juris. § 3630.1 (3d ed. 2024).

Accordingly, no later than **November 19, 2024**, Plaintiff shall file an amended complaint properly alleging the *citizenship* of each party to this action. For Tess Strand LLC and S. R. Labby LLP, this means stating the name of each of the LLC's members or the partnership's general and limited partners along with their place of citizenship. For Tess Strand, that means alleging a state of citizenship, not residency. If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: November 12, 2024
      New York, New York

                                                 JESSE M. FURMAN
                                          United States District Judge